# CRAMER, MULTHAUF & HAMMES, LLP

ATTORNEYS AT LAW

Matthew M. Fernholz

SUITE 200
1601 EAST RACINE AVENUE
POST OFFICE BOX 558
WAUKESHA, WISCONSIN 53187-0558
TELEPHONE (262) 542-4278
FACSIMILE (262) 542-4270
E-MAIL mmf@cmhlaw.com
www.cmhlaw.com

September 8, 2020

**VIA E-MAIL & U.S. MAIL**
Gillespie.tristan@gmail.com

Attorney Tristan W. Gillespie
Thomas B. Bacon, P.A.
5150 Cottage Farm Road
Johns Creek, GA 30022

Re:     *Deborah Laufer v. Lily Pond LLC C Series*
        Western District of Wisconsin 3:20-CV-617

Dear Attorney Gillespie:

Pursuant to Fed. R. Civ. P. 11, I am enclosing a proposed motion for sanctions against your firm and your client.  If you do not voluntarily dismiss the complaint in the above-captioned case, I will file the motion for sanctions with the court.

                              Sincerely,

                              *s/Matthew M. Fernholz*

                              Matthew M. Fernholz

MMF:alk
Attachment

c:      Lily Pond LLC C Series

Exhibit A

*The Standard of Excellence*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

DEBORAH LAUFER,

     Plaintiff,

v.                                                                 Case No. 3:20-cv-617

LILY POND LLC C SERIES,

     Defendant.

---

**MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 (PROPOSED)**

---

COMES NOW the Defendant, Lily Pond LLC C Series ("Lily Pond"), by and through its attorneys of record, and moves this Court for entry of an order awarding sanctions, jointly and severally, against Plaintiff Deborah Laufer and her counsel, pursuant to Fed. R. Civ. P. 11.

In support of this motion, Lily Pond states as follows.  Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion, or other paper to the court without evidentiary support or for "any improper purpose."  *See* Fed. R. Civ. P. 11(b)(1).  Sanctions are also warranted for presenting "frivolous" arguments, or making factual contentions with no evidentiary support.  *See* Fed. R. Civ. P. 11(b)(2)-(3).   This standard applies with equal force to lawyers and pro se litigants who sign their names to meritless filings.  *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 545 (1991).  "An empty head but a pure heart is no defense" to a Rule 11 sanctions motion.  *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986).

"The purpose of Rule 11 is to deter baseless filings in the district court."  *Janky v. Batistatos*, 259 F.R.D. 373, 377–78 (N.D. Ind. 2009).  In determining whether Rule 11 sanctions

1

are warranted, a court undertakes an objective inquiry into whether the claim was groundless. *CUNA Mut. Ins. Soc. v. Office and Prof'l Employees Int'l Union, Local 39,* 443 F.3d 556, 560 (7th Cir. 2006). "A claim is frivolous if the probability of success is very low." *Janky*, 259 F.R.D. at 379. Rule 11 sanctions are necessary "for the protection of the judicial process as much as to relieve the financial burden that baseless litigation imposes on the other side." *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1082 (7th Cir. 1987).

Concerning Laufer's complaint, a plaintiff must have standing to bring and maintain a lawsuit, and there are three requirements for a plaintiff to establish standing in federal court: (1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability of the injury by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). At the pleadings stage, the plaintiff must allege facts demonstrating each element. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

A plaintiff seeking injunctive relief under the ADA must allege a "'real and immediate' threat of future violations of [his or her] rights." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013). Furthermore, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lujan,* 504 U.S. at 564.

The Seventh Circuit has held that "a plaintiff's conditional statements—that [he or she] would visit a place but for ongoing violations—cannot be equated with the speculative some day intentions that were insufficient to show injury in fact." *Scherr*, 703 F.3d at 1074 (citation and internal quotations removed). A plaintiff must allege

> past injury under the ADA; show that it is reasonable to infer from her complaint
> that this discriminatory treatment will continue; and show that it is also
> reasonable to infer, based on the past frequency of her visits and the proximity

2

of [the public accommodation] to her home, that she intends to return to [the public accommodation] in the future.

*Id.* (quoting *Camarillo v. Carrols Corp.,* 518 F.3d 153, 158 (2d Cir. 2008)).

Deborah Laufer is a professional plaintiff, a fact this Court alluded to in its September 3, 2020 show cause order. *See also Laufer v. Laxmi & Sons, LLC*, No. 119CV01501BKSML, 2020 WL 2200207 (N.D.N.Y. May 6, 2020) (issuing a show cause order as to why Laufer has standing to bring claims as an ADA "tester"). Moreover, her counsel has also been subject to sanctions for filing numerous ADA "tester" lawsuits. *See In re: ADA Cases*, 2018 WL 6620603 (M.D. Fla. Nov. 13, 2018).

Laufer and her counsel should have been aware that her status as an ADA "tester" was not sufficient to confer standing. Accordingly, the Court should enter an award of sanctions pursuant to Fed. R. Civ. P. 11 awarding Lily Pond all of the costs and attorney's fees incurred in responding to this complaint. Such award should be made jointly and severally against Laufer and her counsel.

Dated this 8th day of September, 2020.

CRAMER, MULTHAUF & HAMMES, LLP

By: *Electronically signed by Matthew M. Fernholz*
Matthew M. Fernholz
1601 East Racine Avenue, Suite 200
Waukesha, Wisconsin 53186
Telephone: 262-542-4278
Facsimile: 262-542-4270
mmf@cmhlaw.com

ATTORNEYS FOR DEFENDANT

3